[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested divorce comes to the court by way of a summons and complaint dated January 13, 1999. The complaint alleges that the parties were married on August 16, 1977. In addition the complaint alleges jurisdiction based upon the residence of the parties in the state of Connecticut and, that there are two children who are presently minors, Megan L. Korn born August 29, 1983 and Jeffrey S. Korn born May 11, 1985. There is an older child who has reached the age of majority. The allegations of the complaint are found to have been proven. CT Page 1028
The evidence offered by the plaintiff shows that she is currently employed at the Yale University as a Business Systems Specialist. She has worked there for approximately six years and earns roughly $46,000 per year. The plaintiff worked throughout the marriage, sometimes on a part time basis.
At the time of the marriage, the defendant had worked at the Southern New England Telephone Company for seven years. He worked there subsequently for an additional 18 years after the parties were married. The defendant separated from The Southern New England Telephone Company in 1995. The separation was not voluntary. Following that, the defendant worked in a number of different jobs, by and large as a salesperson. The separation from The Southern New England Telephone Company caused a decrease in the earnings of the defendant, and as a result, the parties eventually lost their marital home to foreclosure. The plaintiff testified that there were some efforts to work out the foreclosure, but those efforts were not successful.
The plaintiff moved from what was formerly the family home in January of 1999. At that time she had physical custody of all of the children. During that time there is some history of difficulty with the second child, Megan. The difficulties include problems in school, problems of discipline and poor judgment on behalf of the child. The plaintiff had taken the child to seek professional help. According to the plaintiff, the child was found to be depressed and a recommendation was made for medication and/or counseling. Megan moved from the mother's residence to the father's in approximately July, 1999. She remains there to this date. The child had not attended counseling voluntarily and since living with the defendant, has not attended at all. There is currently disagreement between the plaintiff and the defendant as to whether counseling is appropriate and whether the child should be made to attend.
The defendant, Mr. Korn, testified that he is currently 53 years of age. He has been employed as a salesman in one capacity or another essentially his entire adult life. He does work part time as a soccer referee. He has some health problems, including some symptoms of diabetes, however, there is no evidence that those conditions affect his capacity for employment. Mr. Korn testified that he has a pension from The Southern New England Telephone Company which will pay him $1,942.00 per month upon his reaching age 65. In addition he has earned 2,871 "points" towards CT Page 1029 a pension from the United States Army by reason of his active service and service in the reserves. That will entitle him to a pension at age 60. Neither party offered any testimony as to the amount of that pension. Mr. Korn argues that Mrs. Korn should be entitled to no more than 25% of that pension since half of the overall points were earned prior to the date of the marriage, and the remainder of the points were earned during his weekends and on his time.
Mr. Korn has become recently employed for a company selling hardware products and supplies. He testified that his salary is $40,000.00 per annum without any sick leave or vacation benefits. He further testified that he will have medical benefits after 90 days and at some point may have some additional earnings based upon commissions.
The court has considered the relevant statutory criteria and the evidence and arguments presented by the parties. Based on the foregoing, the following orders are entered, including those recited by stipulation:
The marriage of the parties shall be dissolved. Joint legal custody of the minor children shall be shared by the parties. Primary physical custody of Seth shall be with the plaintiff and primary physical custody of Megan shall be with the defendant. Visitation of the children with their parents shall take place by mutual agreement of the parties. The parties shall consult each other with regards to major decisions about the children's lives. Those decisions shall include, but are not limited to, school attendance, vacation trips, and routine and extraordinary medical and psychological or psychiatric care. The parties shall keep each other appraised of each child's educational development, and their vocational and recreational interests. Both parties shall have full and complete access to all records, memoranda or other communications with respect to the education, health and welfare of each child. The parties shall inform each other at all times of the residence of the minor children. Both parties shall cooperate in providing any authorizations as may be required to the other.
The plaintiff shall maintain both minor children on her present health insurance coverage as made available to her by her employer at a reasonable cost. Such costs as are uninsured or uncovered by the medical plan shall be divided equally between the parties. The processing of any claims under medical insurance CT Page 1030 shall be governed by the provision of Connecticut General Statutes § 46b-84d. The court has done a child support guidelines calculation based upon the plaintiff's financial affidavit and the defendant's anticipated earnings of $40,000 per annum. Based on those child support calculations, the support for the children offset each other, inclusive of the medical insurance premium paid by the plaintiff Mrs. Korn. Accordingly, no child support order is entered.
The parties shall cooperate in conferring with Dr. Wilma Ezekowitz with respect to a determination as to whether there is a need for ongoing psychological counseling or treatment for the child Megan. If, in the opinion of Dr. Ezekowitz, such treatment is needed, then the parties shall cooperate in obtaining such treatment for the minor child. The defendant and plaintiff shall both participate with Dr. Ezekowitz as necessary for the benefit of the minor child.
Neither party shall remove the minor children from the state of Connecticut without the prior consent of the other, which consent shall not be unreasonably denied.
The plaintiff shall take both minor children as deductions on her 1999 federal income tax return. Thereafter, each party shall take deductions as appropriate for the minor child living with them. The plaintiff will maintain the life insurance currently listed on her financial affidavit in effect for the benefit of the minor children. She shall name Amy Korn, as the trustee for that purpose. She shall be the owner of that policy, including its cash value. The defendant, as per stipulation, shall maintain the life insurance in the amount of $100,000 with the Metropolitan Life Insurance Company in effect for the benefit of the minor children. He shall also name Amy Korn as trustee for that purpose, and he shall remain the owner of said policy.
The plaintiff shall make medical coverage available to the defendant under her current plan pursuant to the provisions of COBRA. Said coverage is to be provided at the defendant's expense or his proportionate share of the overall expense in the event of a family plan. The defendant shall convey to the plaintiff one half of his pension with The Southern New England Telephone Company. The defendant shall also convey to the plaintiff one third of his United States Army pension.
The plaintiff shall have exclusive possession and ownership of CT Page 1031 the 1992 Volvo automobile shown on her financial affidavit. The defendant shall have exclusive possession and ownership of the 1998 Honda automobile shown on his financial affidavit. He shall pay any and all obligations as to that car according to their tenor and indemnify and hold the plaintiff harmless from any such obligations. The defendant may sell the automobile at his discretion, however, he shall be responsible for any shortfall on the loan resulting from that sale. The defendant shall be responsible for any deficiency arising from the foreclosure of the mortgages formerly secured by the family home. He shall indemnify and hold the plaintiff harmless from any such debt. The court has considered the defendant's income from his work as a referee in soccer games in entering its order as to his responsibility for the car loan securing the Honda automobile and his responsibility in protecting the plaintiff against any deficiency judgment on mortgages which have been foreclosed.
The parties shall be equally responsible for the debt listed on their financial affidavit to Sears. The defendant shall pay the sum of $40.00 per month to the plaintiff who shall in turn be responsible for direct payment to Sears. The parties shall be equally responsible for the debt outstanding to Dr. Mallick shown on the plaintiff's financial affidavit. The defendant shall pay the sum of $60.00 per month to the plaintiff who in turn will be responsible for direct payment to Dr. Mallick. Each of those payments is to commence on February 01, 2000.
Neither party shall pay alimony to the other.
Antonio C. Robaina Judge of the Superior Court